UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Inaldo L.,

                  Petitioner,

v.

Kristi Noem, *in her official capacity as Secretary of the U.S. Department of Homeland Security*; Todd Lyons, *in his official capacity as Acting Director of Immigration and Customs Enforcement*; David Easterwood, *in his official capacity as Acting Director, St. Paul Field Office, Immigration and Customs Enforcement*; and Eric Tollefson, *Sheriff of Kandiyohi County, Minnesota, in his official capacity as custodiam of detainees of the Kandiyohi County Jail*,

                  Respondents.

File No. 26-cv-142 (ECT/SGE)


**OPINION AND ORDER**

---

Sara Larson Glesne, Ojala-Barbour Law Firm, St. Paul, MN, for Petitioner Inaldo L.

Ana H. Voss and Friedrich A.P. Siekert, United States Attorney's Office, Minneapolis, MN, for Respondents Kristi Noem, David Easterwood, and Todd Lyons.

---

Petitioner Inaldo L. is a Brazilian citizen who has lived in the United States since on or about June 15, 2021, when he entered the country without inspection. *See* Pet. [ECF No. 1] ¶¶ 1, 16, 28–29; ECF No. 1-1 at 1; ECF No. 6 ¶ 6. "Upon his 2021 entry to the United States, [Inaldo] was arrested and detained by the Department of Homeland Security (DHS)." Pet. ¶ 2. On June 16, 2021, United States Border Patrol served Inaldo with a

Notice to Appear, Form I-862, charging him as subject to removal under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act (codified under 8 U.S.C. § 1182(a)(6)(A)(i)) as "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." ECF No. 1-1 at 1; ECF No. 6 ¶ 6. The Notice to Appear stated that Inaldo was "an alien present in the United States who has not been admitted or paroled." ECF No. 1-1 at 1. It did not check the box for "an arriving alien." *See id.* On that same day, United States Immigration and Customs Enforcement ("ICE") "released [Inaldo] on an Order of [Release on] Recognizance ('OREC')." ECF No. 6 ¶ 7; ECF No. 6-3; *accord* Pet. ¶ 2. The OREC stated that "[i]n accordance with section 236 of the Immigration and Nationality Act," which is codified under 8 U.S.C. § 1226, "and the applicable provisions of Title 8 of the Code of Federal Regulations, you are being released on your own recognizance provided you comply with [certain enumerated] conditions." ECF No. 6-3 at 1. "To date, [Inaldo] has not violated any of these conditions nor have Respondents[1] alleged a specific violation of the OREC to justify his recent re-detention." Pet. ¶ 3. "Following [Inaldo's] release from DHS custody, [Inaldo] was issued a Notice to Appear and was placed in full removal proceedings pursuant to 8 U.S.C. § 1229a." *Id.* ¶ 4; *accord id.* ¶ 30. On March 12, 2024, Inaldo "filed a Form I-589, Application for Asylum and for Withholding of Removal." *Id.* ¶ 5. On May 8, 2025, Inaldo "was denied all forms

---

[1]    When used in this Order, "Respondents" refers to the federal officials named as Respondents. Respondent Eric Tollefson, the Kandiyohi County Sheriff, has not appeared in these proceedings. *See* Dkt.

of relief in an oral decision by an [immigration judge] at the Fort Snelling Immigration Court." *Id.*  Inaldo was ordered removable pursuant to section 212(a)(6)(A)(i) of the Immigration and Nationality Act, codified under 8 U.S.C. § 1182(a)(6)(A)(i).  ECF No. 6-4 at 1.  On June 6, 2026, Inaldo "timely filed a Notice to Appeal before the [Board of Immigration Appeals]," and his appeal "remains pending."  Pet. ¶ 5; *accord* ECF No. 6 ¶ 9.  Inaldo "has no criminal history."  Pet. ¶ 5.  ICE detained Petitioner on or about December 31, 2025.  Pet. ¶¶ 6, 16; ECF No. 6 ¶ 10.  He "was not detained for violating any of the conditions of his OREC."  Pet. ¶ 6.  Inaldo is currently detained at the Kandiyohi County Jail in Willmar, Minnesota.  Pet. ¶¶ 6, 16; ECF No. 6 ¶ 11.

Here, Inaldo challenges his detention under 28 U.S.C. § 2241.  Pet. ¶ 13.  He claims he has been wrongly classified as an 8 U.S.C. § 1225(b)(2) detainee (whose detention is mandatory) rather than an 8 U.S.C. § 1226 detainee (whose detention is discretionary and who is entitled to a bond hearing).  *Id.* ¶¶ 35–50; *see Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (explaining legal framework).  According to Inaldo, that misclassification and denial of a bond hearing violate his right to due process under the Fifth Amendment, the Administrative Procedure Act, and 8 U.S.C. § 1225(b)(2).  Pet. ¶¶ 51–64.  He seeks a declaration that his detention without an individualized determination for revocation of his order of release on recognizance is unlawful; issuance of a writ of habeas corpus ordering Respondents to immediately release him or, alternatively, set a bond hearing pursuant to 8 U.S.C. § 1226(a); an order enjoining his transfer out of the District of Minnesota; attorneys' fees and costs; and "any further relief that this court deems to be just and proper."  Pet. at 22–23.

Acknowledging that "this case presents similar legal and factual issues to prior habeas petitions," ECF No. 5 at 8, Respondents argue that Inaldo is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). *See* ECF No. 5 at 8–15. This raises an issue of statutory interpretation[2] that courts in this District have repeatedly considered and rejected, and it will be rejected here as well.

Inaldo has shown he has been misclassified under § 1225(b)(2) rather than § 1226. As courts have explained, the former statute applies to applicants "seeking admission," and the latter to "aliens already in the country." 8 U.S.C. § 1225(b)(2)(A); *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. § 1226(a) and (c)); *see Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025); *Belsai D.S. v. Bondi*, --- F. Supp. 3d ---, No. 25-cv-3682 (KMM/EMB), 2025 WL 2802947, at *6–7 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, --- F. Supp. 3d ---, No. 25-cv-3381 (JWB/DJF), 2025 WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Avila v. Bondi*, No. 25-cv-3741 (JRT/SGE), 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025), *appeal filed*, No. 25-3248 (8th Cir. Nov. 10, 2025); *Andres R.E. v. Bondi*, No. 25-cv-3946 (NEB/DLM), 2025 WL 3146312, at *2–3 (D. Minn. Nov. 4, 2025); *E.M. v. Noem*, 25-cv-3975 (SRN/DTS), 2025 WL 3157839, at *4–8 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-cv-4264 (PJS/DJF), 2025 WL 3281787, at *2–3 (D. Minn. Nov. 25, 2025). As of this writing, only

---

[2]    To the extent Respondents challenge this Court's subject-matter jurisdiction to consider Inaldo's petition, consistent with previous rulings on this issue, I find that the jurisdiction-stripping provisions of § 1252(a)(5), (b)(9), and (g) do not apply to "the narrow question whether a noncitizen is subject to discretionary detention under 8 U.S.C. § 1226 or mandatory detention under § 1225(b)(2)." *Fernando F.P.D. v. Brott*, No. 25-cv-4455 (ECT/ECW), 2025 WL 3675151, at *2 (D. Minn. Dec. 17, 2025) (citing cases).

one federal court of appeals has ruled on the question, and it reached the same conclusion. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025). Inaldo has lived in the United States for more than four years. His detention falls under § 1226 and not § 1225(b)(2).

One final issue deserves discussion. Respondents attempt to factually distinguish this Court's decision in *Fernando F.P.D. v. Brott*, No. 25-cv-4455 (ECT/ECW), 2025 WL 3675151, at *1 (D. Minn. Dec. 17, 2025), on the grounds that in *Fernando*, "there was no final order of removal at the time of that petitioner's detention giving rise to the case." ECF No. 5 at 9. Yet on that same page, Respondents affirmatively acknowledge that Inaldo's "removal order is not yet final pending final action by the BIA." *See id.*; *see also* ECF No. 6 ¶ 9 (stating that Inaldo's "appeal is pending"). Thus, to the extent that Respondents suggest that Inaldo is subject to a final order of removal that would perhaps alter the legal analysis here, there is no record evidence to support that premise. *See* 8 C.F.R. § 1241.1 (specifying when an order of removal becomes final).

For these reasons, Inaldo is subject to discretionary detention and entitled to a bond hearing.[3]

---

[3]    In his reply, Inaldo argues for the first time that he is entitled to release "[b]ecause Respondents have failed to demonstrate that any . . . warrant has been issued," and as a result, "there is . . . no lawful basis to justify Respondents' ongoing detention of [Inaldo]." ECF No. 7 at 1 n.1. The Petition does not allege that Inaldo was not provided with a warrant, *see* Pet., and thus his argument raised for the first time in reply will not be considered. The resolution of this statutory-interpretation question in Inaldo's favor makes it unnecessary to address the Petition's remaining grounds.

## ORDER

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT** Petitioner Inaldo L.'s Petition for Writ of Habeas Corpus [ECF No. 1] is **GRANTED** as follows:

1.      Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226.

2.      Respondents are **ENJOINED** from denying Petitioner a bond hearing on the basis that 8 U.S.C. § 1225(b)(2) applies to Petitioner, and Respondents shall provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a)(2)(A).

### LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  January 21, 2026                          s/ Eric C. Tostrud
                                                  Eric C. Tostrud
                                                  United States District Court